# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40719
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HAYDEN RICKS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-197-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Hayden Ricks was convicted of one count of possession of child pornography and sentenced to 120 months of imprisonment and ten years of supervised release. Now on appeal, he challenges the denial of his motion to suppress statements and evidence. We review the district court's legal conclusions de novo and its factual determinations for clear error, viewing the evidence in the light most favorable to the Government as the prevailing party

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40719

on the motion to suppress.  *See United State v. Wright*, 777 F.3d 769, 773 (5th Cir. 2015).[1]

In April 2013, Ricks was placed on community supervision pursuant to a state conviction for possession of child pornography; both sides agree that the supervision requirements were still in effect at the relevant time. As a condition of that supervision, Ricks was required to allow any law enforcement agent to inspect his cell phone.  On the day in question, Ricks met with his probation officer who inspected Ricks's cell phone and returned it to him before Ricks left for a hearing at the Collin County courthouse.  After Ricks left, the probation officer called a detective at the Collin County Sheriff's Office to report that Ricks had child pornography on his phone and was on his way to the courthouse.  A group of law enforcement officials met Ricks at the courthouse and asked if he would visit with them; it is undisputed that he was not under arrest at that point.  He agreed to the interview and also agreed to let them inspect his phone.  They found the child pornography and questioned him about it; the interview was recorded by body camera. The results of the interview, including the material from his phone, are the subject of the suppression motion and this appeal.

After assessing all the facts presented at a hearing, the district court concluded that Ricks was not in custody for the purpose of *Miranda v. Arizona*, 384 U.S. 436 (1966).  *See Wright*, 777 F.3d at 773-75.  We find no clear error in that conclusion. We are likewise unpersuaded that the district court erred in determining that Ricks voluntarily consented to the search of his cell phone.

---

[1]  Ricks argues that his consents were involuntary because of his probation status and probation conditions.  The Government contends that these arguments should be reviewed only for plain error, a contention Ricks contests.  *See United States v. Vasquez*, 899 F.3d 363, 372-73 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1543 (2019); FED. R. CRIM. P. 12(b)(3)(C); *accord United States v. De Jesus-Batres*, 410 F.3d 154, 158 (5th Cir. 2005).  We conclude that the standard of review is not dispositive in this case, so we need not resolve this disagreement.

No. 19-40719

*See United States v. Rounds*, 749 F.3d 326, 338 (5th Cir. 2014).  Further, as noted by the Government and left unaddressed by Ricks, because of the probation requirements, the officers did not need Ricks's consent; they needed only reasonable suspicion to review Ricks's phone.  *United States v. Knights*, 534 U.S. 112, 121 (2001) ("When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable"); *see also United States v. Taylor*, 482 F.3d 315, 319 (5th Cir. 2007) (law enforcement can conduct a search of a parolee who is under supervised release if reasonable suspicion existed that said person was engaged in criminal activity).  They clearly had reasonable suspicion as a result of the probation officer's information.  Ricks has failed to demonstrate reversible error in the denial of his motion to suppress.

AFFIRMED.